UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
Christine Ann Lavigne
fka Christine A. Olson
John Dennis Lavigne

Chapter 13
Case No. 26-31862 MAB

Debtors.

---

## OBJECTION TO CONFIRMATION OF PLAN

---

TO:    John D. Lavigne and Christine A. Lavigne, and other entities specified in Federal Rule of Bankruptcy Procedure 3015(f).

Secured creditor The Huntington National Bank hereby objects to the confirmation of the plan proposed by the debtors.

1.    The objection to confirmation of the plan will be heard at the confirmation hearing on the debtors' chapter 13 plan scheduled at 1:00pm on August 6, 2026, via videoconference, or as soon thereafter as counsel can be heard.

2.    This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rules of Bankruptcy Procedure 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this chapter 13 case was filed on June 3, 2026. The case is now pending in this court.

3.    This objection arises under 11 U.S.C. §§ 1322, 1324, and 1325 and Federal Rules of Bankruptcy Procedure 3015(f), 9014 and Local Rules 3015-1, 9006-1(b), and 9013-1(b)-(c). The Huntington National Bank requests denial of confirmation of the debtors' chapter 13 plan.

-1-

4.      The debtors commenced a chapter 13 proceeding on June 3, 2026 as Case No. 26-31862 MAB.  At the time of filing, the secured creditor had a prepetition claim in the amount of $15,109.67. (Proof of Claim 5-1).

5.      The Huntington National Bank is the assignee of a first mortgage interest in the debtors' principal residence located at: 120 East Demont Avenue #110, Little Canada, MN 55117, and legally described as:

APARTMENT NO. 110, APARTMENT OWNERSHIP NUMBER 74, CANABURY SQUARE RAMSEY, COUNTY, MINNESOTA.

6.      The mortgage is dated February 16, 2005, and was recorded in the office of the registrar of titles March 4, 2005 as document no. 1907681 on certificate of title no. 377246 in the original amount of $110,805.00. (Proof of Claim 5-1).

7.      The plan is objected to on the basis that the claimant has a pre-petition claim in the amount of $15,109.67. (Proof of Claim 5-1). Currently, the plan provides for payment of the prepetition claim in the amount of $9,117.00. Because the debtor has not provided for all of the pre-petition arrears and the plan is underfunded, i.e., the claim "busts" the plan, the plan does not comply with 11 U.S.C §1325(a)(1) and (5).

8.      The plan does not comply with 11 U.S.C. section 1325(a)(5)(b)(ii) because it does not provide for the allowed amount of the claim. Furthermore, Section 1322(b)(2) provides that a debtor may not modify a claim secured by a debtor's principal residence.

9.      Finally, Section 1322(b)(5) requires that if the debtor chooses to "cure and maintain," then the debtor must cure any arrears within a reasonable time. The debtors' plan does not cure the arrears within a reasonable time and therefore the

plan does not comply with the provisions of chapter 13 as required by Section 1325(a)(1).

WHEREFORE, The Huntington National Bank respectfully requests that the Court deny confirmation of the plan, and such other and further relief as may be just and equitable.

Dated: July 23, 2026              LIEBO, WEINGARDEN, DOBIE & BARBEE, P.L.L.P.


By:/E/ Kevin T. Dobie
Attorney No. 388322
4500 Park Glen Road, #300
Minneapolis, MN  55416
(952) 925-6888
kevin@minnesotamortgagelaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
Christine Ann Lavigne
fka Christine A. Olson
John Dennis Lavigne

Chapter 13
Case No. 26-31862 MAB

Debtors.

---

## MEMORANDUM OF LAW

---

### FACTS

The facts in this matter are as detailed in the objection which are incorporated herein by reference. The Huntington National Bank is a secured creditor of the debtors and holds a first mortgage on the debtors' principal residence. The pre-petition claim owed to The Huntington National Bank is in the amount of $15,109.67. (Proof of Claim 5-1). The debtor has not made appropriate provisions in the plan to pay the prepetition claim amount. The Huntington National Bank submits this Memorandum of Law in Support of its Objection to Confirmation of Plan.

### ARGUMENT

**I.    The Debtors' Plan Should Not Be Confirmed Because the Plan Does Not Provide for the Allowed Amount of the Claim and the Plan Impermissibly Modifies the Claim.**

By including The Huntington National Bank's claim in Part 5 of the Plan with insufficient arrears to cure the prepetition debt, the debtors are attempting to modify a secured claim on the debtors' principal residence. With respect to an allowed

-4-

secured claim provided for by the plan, the debtor may not provide for an amount that is less than the allowed amount of the claim. 11 U.S.C. section 1325(a)(5)(b)(ii). Section 1322(b) of the Bankruptcy Code provides as follows:

> Subject to subsections (a) and (c) of this section, the plan may— . . .
> 2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ;
> 5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

11 U.S.C. § 1322(b)(2) and 1322(b)(5). Section 1325(a) provides that:

> Except as provided in subsection (b), the court shall confirm a plan if—(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;

11 U.S.C. § 1325(a). The Huntington National Bank is a secured creditor whose claim is secured only by the debtors' principal residence. The estimated pre-petition claim owed to The Huntington National Bank is in the amount of $15,109.67. (Proof of Claim 5-1). The plan does not provide for the prepetition claim amount owed to The Huntington National Bank. The Huntington National Bank should be included in Part 5 for home mortgages in default with arrears in the amount of $15,109.67 because the amounts secured by the lien and the duration of the lien may not be modified by the debtors' plan.

## CONCLUSION

The Huntington National Bank respectfully requests that the Court deny confirmation.

Dated: July 23, 2026

LIEBO, WEINGARDEN, DOBIE & BARBEE, P.L.L.P.

By:/E/ Kevin T. Dobie
Attorney No. 388322
4500 Park Glen Road, #300
Minneapolis, MN  55416
(952) 925-6888
kevin@minnesotamortgagelaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
Christine Ann Lavigne
fka Christine A. Olson
John Dennis Lavigne

Chapter 13
Case No. 26-31862 MAB

Debtors.

---

UNSWORN DECLARATION OF SERVICE

---

I, Maria L. Aligah, employed on this date by LIEBO, WEINGARDEN, DOBIE & BARBEE P.L.L.P., attorney(s) licensed to practice law in this court, with office address of 4500 Park Glen Road, Suite 300, Minneapolis, Minnesota 55416, upon penalty of perjury, declares that on July 23, 2026, I served the annexed Objection to Confirmation of Plan, upon each of the entities named below by mailing to them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at Minneapolis, Minnesota, addressed to each of them as follows:

Christine A. Lavigne
John D. Lavigne
120 EAST DEMONT AVENUE #110
LITTLE CANADA, MN 55117

and delivered by email notification under CM/ECF on the day efiled with the court to each of them as follows:

Office of the United States Trustee

Gregory A Burrell, Chapter 13 Trustee

Robert J. Hoglund, Esq.

/s/Maria Aligah

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
Christine Ann Lavigne
fka Christine A. Olson
John Dennis Lavigne

Chapter 13
Case No. 26-31862 MAB

Debtors.

---

ORDER

---

The above-entitled matter came for hearing upon the objection of The Huntington National Bank pursuant to 11 U.S.C. section 1322 on August 6, 2026, at the U.S. Bankruptcy Court, St. Paul, Minnesota. Appearances were as noted in the record.  Based upon the evidence adduced at said hearing, the arguments of counsel, and the court being fully advised of the premises,

IT IS ORDERED:

Confirmation of the debtors' chapter 13 plan is denied.

Dated:_____

_____
United States Bankruptcy Judge