Local Form 3015-1
REVISED 09/2025

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA THIRD DIVISION

In re:
CHRISTINE ANN LAVIGNE
JOHN DENNIS LAVIGNE

Case No. 26-31862
CHAPTER 13 PLAN ☑ Modified
Dated July 30, 2026

Debtor.

*In a joint case, "debtor" means "debtors" in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14  **IDENTIFY ALL AFFECTED SECURITY INTEREST HOLDERS OR LIENHOLDERS:** | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1  As of the date of this plan, the debtor has paid the trustee $500.00 (including balance on hand of $462.95).
2.2  After the date of this plan, the debtor will pay the trustee $69,716.00.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| $1,000.00 | 08/2026 | 09/2026 | 2 | $2,000.00 |
| $1,188.00 | 10/2026 | 06/2031 | 57 | $67,716.00 |
| | | | PART 2.2 SUBTOTAL: | $69,716.00 |

2.3  The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.
2.4  The debtor will also pay the trustee:
2.5  The debtor will pay the trustee a total of $70,216.00 [lines 2.1 + 2.2 + 2.4].
2.6  If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows:

**The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtor(s) shall be entitled to retain the first $1,200 (single debtor or single tax return filer) or $2,000 (joint debtor or joint tax return filer), plus any earned income credit (EIC), plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $7,021.00 [line 2.5 x .10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]:** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

1

Local Form 3015-1
REVISED 09/2025

|  | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | + amount paid to date by trustee (mod. plan only) | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.1 | CANABURY SQUARE CONDOMINIUM ASSOC. | 120 EAST DEMONT AVENUE #110 LITTLE CANADA, MN 55117 | $2,651.00 | | 11/26 | $200.00 | 14 | $2,651.00 | $0.00 | $2,651.00 |

|  | Current installment payment | Disbursed by: | | Remaining trustee installment payments | + amount paid to date by trustee (mod. plan only) | Total trustee installment payments |
|---|---|---|---|---|---|---|
|  | $548.00 | ☑ Debtor ☐ Trustee | | $0.00 | $0.00 | $0.00 |

|  | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | + amount paid to date by trustee (mod. plan only) | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.2 | FINWISE BANK C/O RISE | 2014 FORD F-15 | $0.00 | | | | | $0.00 | $0.00 | $0.00 |

|  | Current installment payment | Disbursed by: | | Remaining trustee installment payments | + amount paid to date by trustee (mod. plan only) | Total trustee installment payments |
|---|---|---|---|---|---|---|
|  | $388.00 | ☑ Debtor ☐ Trustee | | $0.00 | $0.00 | $0.00 |

|  | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | + amount paid to date by trustee (mod. plan only) | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.3 | Huntington Bank | 120 EAST DEMONT AVENUE #110 LITTLE CANADA, MN 55117 | $15,110.00 | | 11/26 05/27 01/28 | $400.00 $629.00 $829.00 | 6 8 10 | $15,110.00 | $0.00 | $15,110.00 |

|  | Current installment payment | Disbursed by: | | Remaining trustee installment payments | + amount paid to date by trustee (mod. plan only) | Total trustee installment payments |
|---|---|---|---|---|---|---|
|  | $950.00 | ☑ Debtor ☐ Trustee | | $0.00 | $0.00 | $0.00 |

|  | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | + amount paid to date by trustee (mod. plan only) | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.4 | RAMSEY COUNTY PROPERTY TAX SERVICES | 120 EAST DEMONT AVENUE #110 LITTLE CANADA, MN 55117 | $0.00 | | | | | $0.00 | $0.00 | $851.00 |

|  | Current installment payment | Disbursed by: | | Remaining trustee installment payments | + amount paid to date by trustee (mod. plan only) | Total trustee installment payments |
|---|---|---|---|---|---|---|
|  | $142.00 | ☑ Debtor ☐ Trustee | | $0.00 | $0.00 | $0.00 |

TOTAL: $17,761.00

2

Local Form 3015-1
REVISED 09/2025

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Begin- ning in MM/YY | Monthly payment | # of payments | Remaining payments | +amount paid to date by trustee (mod. plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  | TOTAL: | $0.00 |

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | +amount paid to date by trustee (mod. plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 7.1 | CAPITAL COMMUNITY (WHEELS FINANCIAL) | $7,075.00 | 8.5 | - | 11/26 | $240.00 | 34 | $7,964.00 | $0.00 | $7,964.00 |
|  |  |  |  |  |  |  |  |  | TOTAL: | $7,964.00 |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + amount paid to date by trustee (mod. plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | Attorney Fees | $4,500.00 | 07/26 08/26 10/26 11/26 | $450.00 $900.00 $1,069.00 $229.00 | 1 2 1 6 | $4,500.00 | $0.00 | $4,500.00 |
| 8.2 | IRS | $8,030.00 |  | pro rata |  | $8,030.00 | $0.00 | $8,030.00 |
| 8.3 | MNDR | $22,168.00 |  | pro rata |  | $22,168.00 | $0.00 | $22,168.00 |
|  |  |  |  |  |  | TOTAL |  | $34,698.00 |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + amount paid to date by trustee (mod. plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
|  | -NONE- |  |  |  |  |  |  |  |
|  |  |  |  |  |  | TOTAL | | $0.00 |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

Local Form 3015-1
REVISED 09/2025

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + amount paid to date by trustee (mod. plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | | | |
| | | | | | | | | TOTAL | $0.00 |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis. **All following entries are estimates.**

| | | | |
|---|---|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | $0.00 | Estimated remaining payments | $2,772.00 |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | $75,912..00 | + amount paid to date by trustee (mod. plan only) | $0.00 |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | $75,912.00 | = TOTAL estimated payments | $2,772.00 |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | 3.65 | | |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of property (including complete legal description of real property) |
|---|---|
| -NONE- | |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. See 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| Information regarding judicial lien or security interest | | Calculation of lien avoidance | | Extent of exemption impairment (check one) |
|---|---|---|---|---|
| Creditor: | -NONE- | a. Amount of lien | | Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $ |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): $. The amount of the unsecured claim is (line f): $. |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.

Local Form 3015-1
REVISED 09/2025

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | | Total payments |
|---|---|---|
| Payments by trustee [Part 3] | $ | 7,021.00 |
| Maintenance of payments and cure of default, if any [Part 5] | $ | 17,761.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $ | 0.00 |
| Secured claims excluded from § 506 [Part 7] | $ | 7,964.00 |
| Priority claims [Part 8] | $ | 34,698.00 |
| Domestic support obligation claims [Part 9] | $ | 0.00 |
| Separate classes of unsecured claims [Part 10] | $ | 0.00 |
| Timely filed unsecured claims [Part 11] | $ | 2,772.00 |
| TOTAL (must equal line 2.5) | $ | 70,216.00 |

Certification regarding nonstandard provisions:

I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed:    /s/ Robert J. Hoglund
      Robert J. Hoglund 210997
      Attorney for debtor

Signed:    /s/ CHRISTINE ANN LAVIGNE
      CHRISTINE ANN LAVIGNE
      Debtor 1

Signed:    /s/ JOHN DENNIS LAVIGNE
      JOHN DENNIS LAVIGNE
      Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                                    Bkry Case No: 26-31862

Christine Lavigne                                         Chapter 13

and

John Dennis Lavigne

                    Debtor(s).

**NOTICE OF FILING MODIFIED CHAPTER 13 PLAN PRIOR TO CONFIRMATION**

TO:  ALL PARTIES IN INTEREST

    PLEASE TAKE NOTICE that the debtor(s), pursuant to Local Rule 3015-2(a) have filed the attached modified Chapter 13 Plan.  The Hearing on Confirmation of the Modified Plan is scheduled for September 3, 2026 at 1:00 p.m. in United States Bankruptcy Court, Courtroom 2B, Second Floor, 316 North Robert Street, St. Paul, Minnesota.

    Any objection to this Modified Plan shall be filed and served not later than August 28, 2026, which is 7 days prior to the time and date set for the confirmation hearing.

Dated: July 31, 2026

HOGLUND & MROZIK, P.L.L.C.
Signed: /e/ ***Robert J. Hoglund***
Robert J. Hoglund              #210997
Karli K. Buchanan             #505358
Attorney for Debtor(s)
550 Main Street, Ste 260
New Brighton, Minnesota, 55112
Telephone Number: (651) 628-9929
Email: bankruptcy@hoglundlaw.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

---

In Re:                                                          Bkry Case No: 26-31862

Christine Lavigne                                                Chapter 13

and

John Dennis Lavigne

                Debtor(s).                           **UNSWORN CERTIFICATE**

                                                        **OF SERVICE**

---

I, Drexel Altavano, employed by Hoglund & Mrozik, P.L.L.C., attorneys licensed to practice law in this Court, with office address of 550 Main Street, Ste 260, New Brighton, Minnesota, 55112, declare that on July 31, 2026, I served the Modified Chapter 13 Plan and Notice of Filing Modified Plan Prior to Confirmation to each of the entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

---

**The following were served by certified mail:**

**Capital Community Bank**
Mike Watson
1835 W State St
Pleasant Grove, UT 84062
**Mike Watson is listed as the Chief Executive Office of Capital Community Bank as obtained through https://ccbank.com/ on July 31, 2026.**

**The following were served via first class mail postage prepaid:**

Christine & John Lavigne
120 East Demont Avenue #110
Little Canada, Minnesota 55117

And to all creditors/parties in interest listed on matrix (see attached)

---

I declare, under penalty of perjury, that the foregoing is true and correct.
Dated: July 31, 2026
Signed: /e/ Drexel Altavano
       Legal Assistant

Label Matrix for local noticing
0864-3
Case 26-31862
District of Minnesota
St Paul
Fri Jul 31 10:34:57 CDT 2026

Minnesota Department of Revenue
600 North Robert Street
St. Paul, MN 55146-0010

The Huntington National Bank
4500 Park Glen Road
Suite 300
St. Louis Park, MN 55416-4891

St Paul
200 Warren E. Burger Federal Building
and U.S. Courthouse
316 N Robert St
St Paul, MN 55101-1495

ACCOUNTS RECEIVABLE SERVICES LLC
6160 SUMMIT DR N STE 420
BROOKLYN CENTER MN 55430-2149

ALLINA HEALTH
PO BOX 9382
MINNEAPOLIS MN 55440-9382

ASPIRE CREDIT CARD
ATTN: BANKRUPTCY
PO BOX 105555
ATLANTA GA 30348-5555

BRODIE LAW OFFICE LLC
4665 WHITE BEAR PARKWAY
WHITE BEAR LAKE MN 55110-3300

CANABURY SQUARE CONDOMINIUM ASSOC.
C/O CEDAR MANAGEMENT
PO BOX 65973
PHOENIX AZ 85082-5973

CAPITAL ONE, N.A.
C/O MIDLAND CREDIT MGMT
350 CAMINO DE LA REINA STE 100
SAN DIEGO CA 92108-3007

CAVALRY PORTFOLIO SERVICES
ATTN: BANKRUPTCY
1 AMERICAN LANE, STE 220
GREENWICH CT 06831-2563

CITIBANK
PO BOX 6243
SIOUX FALLS SD 57117-6243

CREDIT COLLECTION SERVICES
ATTN: BANKRUPTCY
725 CANTON ST
NORWOOD MA 02062-2679

CREDIT ONE BANK
ATTN: BANKRUPTCY DEPARTMENT
6801 CIMARRON RD
LAS VEGAS NV 89113-2273

CREDIT ONE BANK
PO BOX 60500
CITY OF INDUSTRY CA 91716-0500

Canabury Square Condominium Association
5838 Blackshire Path
Inver Grove Heights, MN 55076-1859

Capital Community Bank c/o Wheels Financial
15400 Sherman Way Ste 300
Van Nuys
Ca 91406
Van Nuys, CA 91406-4272

David J Raymond
5838 Blackshire Path
Inver Grove Heights, MN 55076-1859

FAIRVIEW HEALTH SERVICE
PO BOX 199
MINNEAPOLIS MN 55440-0199

FAIRVIEW PHARMACY SERVICES
3650 VICTORIA STREET NORTH
SHOREVIEW MN 55126-2906

FINWISE BANK C/O RISE
ATTN: BANKRUPTCY
4150 INTERNATIONAL PLAZA
SUITE 300
FORT WORTH TX 76109-4819

FIRST NATIONAL BANK OMAHA
PO BOX 1041
MOORHEAD MN 56561-1041

FST PREMIER
ATTN: BANKRUPTCY
601 S MINNESOTA AVE
SIOUX FALLS SD 57104-4824

HUNTINGTON BANK
ATTN: BANKRUPTCY
41 SOUTH HIGH STREET
COLUMBUS OH 43287-0001

IRHYTHM
PO BOX 736539
CHICAGO IL 60673-1409

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

LIBERTY MUTUAL
PO BOX 55126
BOSTON MA 02205-5126

LIEBO, WEINDARDEB, DOBIE & BARBEE, PLLP
4500 PARK GLEN RD.,
SUITE 300
MINNEAPOLIS MN 55416-4891

LVNV FUNDING LLC/RESURGENT CAPITAL SERVI
RESURGENT CORRESPONDENCE, ATTN: BANKRUPT
PO BOX 1269
GREENVILLE SC 29602-1269

LVNV Funding LLC c/o
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

(p)FAIRVIEW HEALTH SERVICES
1700 UNIVERSITY AVE W
6TH FLOOR
SAINT PAUL MN 55104-3727

(p)DSNB MACY S
CITIBANK
1000 TECHNOLOGY DRIVE MS 777
O FALLON MO 63368-2239

MIDWEST RADIOLOGY
PO BOX 812
INDIANAPOLIS IN 46206-0812

MN DEPARTMENT OF REVENUE
BANKRUPTCY SECTION
PO BOX 64447
SAINT PAUL MN 55164-0447

MN UNEMPLOYMENT
PO BOX 64621
SAINT PAUL MN 55164-0621

NETCREDIT
NETCREDIT CUSTOMER SUPPORT TEAM, ATTN: B
175 W. JACKSON BLVD., SUITE 600
CHICAGO IL 60604-2948

PROGRESSIVE
DEPT 0561
CAROL STREAM IL 60132-0001

Premier Bankcard, LLC
Jefferson Capital Systems, LLC Assignee
PO BOX 7999
SAINT CLOUD, MN 56302-7999

(p)RAMSEY COUNTY
ATTN PROPERTY TAX SERVICES - UNIFIED TEAM
PO BOX 64097
SAINT PAUL MN 55164-0097

RAYMOND LAW OFFICES PA
5838 BLACKSHIRE PATH
INVER GROVE HEIGHTS MN 55076-1859

RISE CREDIT
ATTENTION BANKRUPTCY
PO BOX 101808
DALLAS TX 76185-1808

RISE CREDIT ATTENTION BANKRUPTCY
PO BOX 101808
FORT WORTH, TX 76185-1808

(p)RIVERVIEW LAW OFFICE  PLLC
225 NORTH BENTON DRIVE SUITE 209
P O BOX 570
SAUK RAPIDS MN 56379-0570

The Huntington National Bank
5555 Cleveland Ave, GW4W25
Columbus OH 43231-4106

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415-3070

WINGS CREDIT UNION
ATTN: BANKRUTPCY
14985 GLAZIER AVENUE
APPLE VALLEY MN 55124-6539

WISCONSIN AUTO TITLE LOANS INC
1407 COULEE RD
HUDSON WI 54016-2135

CHRISTINE ANN LAVIGNE
120 EAST DEMONT AVENUE #110
LITTLE CANADA, MN 55117-1529

Gregory A Burrell
100 South Fifth Street
Suite 480
Minneapolis, MN 55402-1250

JOHN DENNIS LAVIGNE
120 EAST DEMONT AVENUE #110
LITTLE CANADA, MN 55117-1529

Robert J. Hoglund
Hoglund & Mrozik, PLLC
550 Main Street, Ste 260
New Brighton, MN 55112-3273

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

IRS
30 E 7TH STREET SUITE 1222
MAIL STOP 5700
SAINT PAUL MN 55101

M HEALTH FAIRVIEW
1700 UNIVERSITY AVE W
SAINT PAUL MN 55104-3791

MACY'S/ DSNB
ATTN: BANKRUPTCY
9111 DUKE BOULEVARD
MASON OH 45040

RAMSEY COUNTY PROPERTY TAX SERVICES
90 PLATO BLVD W
SAINT PAUL MN 55107

RIVERVIEW LAW OFFICE PLLC
PO BOX 570
225 N BENTON DR STE 209
SAUK RAPIDS MN 56379-0570

End of Label Matrix
Mailable recipients    51
Bypassed recipients     0
Total                  51